UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | : | Jointly Administered at |
| | : | Bankruptcy No. 5:03-BK-01802 |
| WEIRTON STEEL CORPORATION, *et al.*, | : | Chapter 11 |
| | : | |
| Debtors. | : | Honorable L. Edward Friend, II |
| | : | United States Bankruptcy Judge |

**MOTION OF WEIRTON STEEL CORPORATION DEBTOR AND DEBTOR-IN-POSSESSION FOR AN ORDER (A) APPROVING PROPOSED DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. 1125, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PROPOSED
PLAN OF LIQUIDATION, AND (C) GRANTING RELATED RELIEF**

Weirton Steel Corporation, Debtor and Debtor-in-Possession herein, files this Motion ("Motion") for the entry of an Order: (i) Approving the Proposed Disclosure Statement, pursuant to section 1125 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"); (ii) establishing the procedures for solicitation and tabulation of votes to accept or reject the Plan of Liquidation of Weirton Steel Corporation dated June 7, 2004 (as it may be amended, the "Plan"),[1] including approval of (a) the forms of ballots for submitting votes on the Plan, (b) the deadline for submission of ballots, (c) the contents of the proposed solicitation packages to be distributed to creditors and other parties in interest in connection with the solicitation of votes on the Plan (collectively, the "Solicitation Packages"), (d) the proposed record date for Plan voting, and (e) certain related relief described in paragraphs 13-29 below (collectively, the "Solicitation Procedures"); and (iii) scheduling a hearing on confirmation of the Plan (the "Confirmation Hearing") and approving related notice procedures. In support of this Motion, the Debtor respectfully represents as follows:

**Background**

A.  The Company

1.  On May 19, 2003 ("Petition Date"), Weirton Steel Corporation ("Weirton", "Debtor" or "Company") filed a voluntary petition for relief under chapter 11 of title 11 of the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan.

1

United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code" or the "Code"). Weirton continues to operate its business and affairs in the ordinary course as a Debtor-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On February 25, 2004, the Debtor executed an Amended and Restated Asset Purchase Agreement (as subsequently amended, modified and supplemented the "Asset Purchase Agreement") with ISG Weirton Inc. (the "Buyer") and International Steel Group Inc. for the sale of Weirton's going concern business operations and substantially all of the assets ("Sale Assets") of the Debtor's bankruptcy estate to Buyer, subject to higher and better offers and Bankruptcy Court approval (the "Sale Transaction").

3. On April 20, 21 and 22, 2004, the Bankruptcy Court conducted a hearing on the proposed sale (the "Sale Hearing") to the Buyer, at which time two days of testimony were heard by the Bankruptcy Court, and legal arguments for and against the proposed sale were made. At the conclusion of the Sale Hearing, the Bankruptcy Court entered an order authorizing and approving the sale of substantially all of the Debtor's assets to Buyer, free and clear of all liens, claims, encumbrances and other interests. The Closing of the Sale Transaction occurred effective as of May 17, 2004.

4. On June 7, 2004, Weirton filed its Plan, and accompanying Disclosure Statement, pursuant to which Weirton will, *inter alia*, distribute the proceeds of the Sale Transaction and all of its other remaining assets.

## Request for Approval of the Disclosure Statement

5. The Debtor requests that the Disclosure Statement be approved as providing "adequate information" in accordance with section 1125 of the Bankruptcy Code. For the reasons described below, such approval is warranted and appropriate.

### *Notice of the Disclosure Statement Hearing*

6. Rule 3017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules") provides as follows:

> [A]fter a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 25 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a). In addition, Bankruptcy Rule 2002(b) requires notice by mail to all creditors and indenture trustees of the time set for filing objections to, and the hearing to consider approval of, a disclosure statement. Bankruptcy Rule 2002(d) requires that equity security holders be given notice of the foregoing in the manner and the form directed by the court.

7. In accordance with the foregoing Bankruptcy Rules, on or about June 11, 2004, the Debtor will cause a notice of the hearing on the Disclosure Statement, substantially in the form attached hereto as <u>Exhibit A</u> and incorporated herein by reference (the "Disclosure Statement Notice"), to be served by first class mail, postage prepaid, on the following parties: (a) all persons or entities that have filed proofs of claim against or equity interests in the Debtor on or before the date of the Disclosure Statement Notice; (b) all creditors or potential creditors identified in the Debtor's schedules of assets and liabilities filed on July 18, 2003 (collectively, the "Schedules"); (c) all entities identified in the Debtor's lists of equity security holders; (d) the indenture trustees under the Secured Indentures and the Unsecured Indentures (collectively, the "Indenture Trustees"); (e) the parties identified on the Official Service List (the "Official Service List") established by Order entered on June 23, 2003, as it has been subsequently amended; (f) any other known holders of claims against or equity interests in the Debtor; (g) the agent for the Debtor's postpetition lenders; and (h) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtor's chapter 11 case. Among other things, the Disclosure Statement Notice identifies the date, time and place of the hearing

on the approval of the Disclosure Statement (the "Disclosure Statement Hearing") and the deadline and procedures for asserting objections to the approval of the Disclosure Statement.[2]

8. The Debtor will also serve a copy of this Motion, the Disclosure Statement Notice, the Disclosure Statement and the Plan on the parties identified on the Official Service List.

9. The Debtor will provide copies of the Disclosure Statement and the Plan to any additional party-in-interest that makes a request for such documents in the manner specified in the Disclosure Statement Notice and Bankruptcy Rule 3017(a).

10. The Debtor submits that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing and are appropriate and in compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

***The Disclosure Statement Contains Adequate Information***

11. Under section 1125 of the Bankruptcy Code, a debtor must provide its creditors and interest holders with "adequate information" regarding the debtor's proposed plan of reorganization:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). Thus, a debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders entitled to vote on the debtor's plan of reorganization. See In re Dakota Rail,

---

[2] In particular, the Disclosure Statement Notice provides that "Objections to the relief requested in the Motion, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection or proposed modification and provide the specific language of any proposed modification, where possible; and (d) be filed with the Court and served so that they are received by counsel to the Debtor identified below and the other parties named on the Official Service List established in this case **no later than 4:00 p.m., Eastern Time, on July 6, 2004.**"

Inc., 104 B.R. 138, 142 (Bankr. D. Minn. 1989); In re Egan, 33 B.R. 672, 675-76 (Bankr. N.D. Ill. 1983) (a disclosure statement is intended to be a source of factual information upon which one can make an informed judgment about a reorganization plan); see also In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (the adequacy of a disclosure statement is to be determined on a case-specific basis under a flexible standard that can promote the chapter 11 policy of fair settlement through a negotiation process between informed interested parties).

12. The Court has broad discretion in determining whether a disclosure statement contains adequate information. See In re A.H. Robbins, Inc., 880 F.2d 694, 696 (4th Cir. 1989) *citing* Matter of Texas Extrusion Corp. v. Lockheed Corp. 844 F.2d 1142, 1157 (5th Cir. 1988) cert. denied, 488 U.S. 926 (1988); see also Mabey v. Southwestern Elec. Power Co. (In re Cajun Elec. Power Coop.), 150 F.3d 503, 518 (5th Cir. 1998), cert. denied, 119 S. Ct. 2019 (1999); In re Unichem Corp., 72 B.R 95, 97 (Bankr. N.D. Ill. 1987) ("[d]etermination of the adequacy of a disclosure statement, and therefore, approval of it is in the sound discretion of the bankruptcy court and is to be determined on a case by case basis."); In re River Village Assocs., 181 B.R. 795, 804 (E.D. Pa. 1995); see also Dakota Rail, 104 B.R. at 143 (court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary and cumbersome detail"). This grant of discretion was intended to permit courts to tailor the disclosures made in connection with a plan of reorganization to facilitate the effective reorganization of debtors in a broad range of businesses and circumstances. See H.R. Rep. No. 595, at 408-09 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6364-65 ("In reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is greatest.").

13. Accordingly, the determination of the adequacy of information in a disclosure statement must be made on a case-by-case basis, focusing on the unique facts and

circumstances of each case. In that regard, courts generally examine whether a disclosure statement contains, as applicable, the following types of information:

      a.    the circumstances that gave rise to the filing of the bankruptcy petition;

      b.    a description of the available assets and their value;

      c.    the anticipated future of the debtor;

      d.    the source of the information provided in the disclosure statement;

      e.    a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

      f.    the financial condition and performance of the debtor while in chapter 11;

      g.    information regarding claims against the debtor's estate;

      h.    a liquidation analysis identifying the estimated return that creditors would receive if the debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code;

      i.    the accounting and valuation methods used to produce the financial information in the disclosure statement;

      j.    information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors or officers of the debtor;

      k.    a summary of the plan of reorganization;

      l.    an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

      m.    the collectibility of any accounts receivable;

      n.    any financial information, valuations or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan of reorganization;

      o.    information relevant to the risks being taken by the creditors and interest holders;

      p.    the actual or projected value that could be obtained from avoidable transfers;

      q.    the existence, likelihood and possible success of nonbankruptcy litigation;

      r.    the tax consequences of the plan of reorganization; and

s.  the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988).

14. The Disclosure Statement, as the same may be amended, modified or supplemented prior to the Disclosure Statement Hearing, contains ample information with respect to the topics identified above, including information with respect to: (a) the terms of the Plan; (b) certain events preceding the Debtor's chapter 11 case; (c) the operation of the Debtor's business during the course of its chapter 11 case; (d) estimates of the claims asserted against the Debtor's estate and the value of distributions to be received by holders of such claims; (e) the risk factors affecting the Plan; (f) the method and timing of distributions under the Plan; (g) an discussion of the anticipated return that creditors would receive if the Chapter 11 Case was a case under chapter 7 of the Bankruptcy Code; (h) the federal tax consequences of the Plan; and (i) appropriate disclaimers regarding the Court's approval of information only as contained in the Disclosure Statement. Accordingly, the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

**Procedures for Tabulation of Votes to Accept or Reject the Plan**

*Approval of Form of Ballots and Notices of Nonvoting Status*

15. Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot that substantially conforms to Official Form No. 14 only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtor proposes to distribute to creditors entitled to vote on the Plan ballots (collectively, the "Ballots") substantially in the forms to be included in a supplement to this Motion (""Motion Supplement"), which the Debtor will file at least 15 days before the Disclosure Statement Hearing. The Ballots will be based on Official Form No. 14. The Debtor proposes that the applicable form of Ballot will be distributed to holders of claims in the classes entitled to vote to accept or reject the Plan, as follows:

Ballot for Class 2: Notes and Bonds

Ballot for Class 3: Priority Non-Tax Claims

7

Ballot for Class 4: General Unsecured Claims

16. Class 1 is unimpaired and, therefore, is conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code. Holders of claims and interests in Class 5 under the Plan neither retain nor receive any property under the Plan on account of their claims and interests; therefore, this Class is deemed to reject the Plan in accordance with section 1126(g) of the Bankruptcy Code. For these reasons, solicitation of Classes 1 and 5 under the Plan is not required, and no Ballots have been proposed for creditors and interest holders in these classes. Instead, holders of claims and interests in Classes 1 and 5 will receive a Notice of Nonvoting Status substantially in the forms to be included in the Motion Supplement. Each Notice of Nonvoting Status will inform the recipient that it is not entitled to vote and the reason therefor.

### *Voting Deadline for Receipt of Ballots*

17. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court may fix a time within which the holders of claims or equity interests may accept or reject a plan. The Debtor anticipates commencing the Plan solicitation period by mailing Ballots and other approved solicitation materials no later than ten business days after the entry of an order approving the Disclosure Statement. Based on this schedule, the Debtor proposes that, to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered to Donlin, Recano & Company, Inc., the Balloting Agent, either (a) by mail in the return envelope provided with each Ballot, (b) by overnight courier, or (c) by personal delivery so that, in each case, such Ballots are <u>received</u> by the Balloting Agent no later than 5:00 p.m., Eastern Time, on August 18, 2004 or such other date established by the Debtor that is at least 25 days after the commencement of the solicitation period in accordance with paragraph 30 below (the "Voting Deadline").

18. The Debtor submits that this proposed solicitation period provides sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.

*Procedures for Vote Tabulation*

19. Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

20. Solely for purposes of voting to accept or reject the Plan — and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtor in any other context — the Debtor proposes that each claim within a class of claims entitled to vote to accept or reject the Plan be temporarily allowed in accordance with the following rules (collectively, the "Tabulation Rules"):

    a. Unless otherwise provided in the Tabulation Rules described below, a claim will be deemed temporarily allowed for voting purposes only in an amount equal to the lesser of (i) the amount of such claim as set forth in the Schedules and (ii) the amount of such claim as set forth in a timely filed proof of claim;

    b. If a claim for which a proof of claim has been timely filed is (i) marked as contingent, unliquidated or disputed on its face; (ii) listed as contingent, unliquidated or disputed in the Schedules, either in whole or in part; or (iii) not listed in the Schedules, such claim will be temporarily allowed for voting purposes in the amount of $1.00;

    c. If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

    d. If a claim is listed in the Schedules as contingent, unliquidated or disputed and a proof of claim was not timely filed, such claim will be disallowed for voting purposes;

    e. If the Debtor has filed and served an objection to a claim at least 10 days before the Voting Deadline, such claim will be temporarily allowed or

disallowed for voting purposes in accordance with the relief sought in the objection; and

  f.  If a claim holder identifies a claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

21. The Debtor believes that the proposed Tabulation Rules will establish a fair and equitable voting process. Nevertheless, if any claimant seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules, the Debtor proposes that such claimant be required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on the Debtor so that it is received no more than ten (10) days after the later of (a) the date of service of the Confirmation Hearing Notice (as such term is defined below), and (b) the date of service of a notice of an objection, if any, to the underlying claim. In accordance with Bankruptcy Rule 3018, the Debtor further proposes that any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted solely in accordance with the Debtor's proposed Tabulation Rules and the other applicable provisions contained herein unless and until the underlying claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

22. In tabulating the Ballots, the Debtor requests that the following additional procedures be utilized: (a) any Ballot that is properly completed, executed and timely returned to the Balloting Agent but does not indicate an acceptance or rejection of the Plan will be deemed a vote to accept the Plan; (b) if no votes to accept or reject the Plan are received with respect to a particular class, such class will be deemed to have voted to accept the Plan; (c) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the latest-dated Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots; and (d) creditors will be required to vote all of their claims within a particular class under the Plan either to accept or reject the Plan and may not split their votes;

Case 5:03-bk-01802 Doc 2421 Filed 06/07/04 Entered 06/07/04 20:53:06 Desc Main Document Page 10 of 16

thus, a Ballot (or a group of Ballots within a Plan class received from a single creditor) that partially rejects and partially accepts the Plan will not be counted.[3]

## Confirmation Hearing and Notice, Voting Record Date and Procedures for Distribution of Solicitation Packages

### *The Confirmation Hearing*

23. Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

24. In accordance with Bankruptcy Rule 3017(c), the Debtor requests that (a) the Confirmation Hearing be scheduled for August 24, 2004 at 10:00 a.m. Eastern Time, and (b) the Court establish appropriate pre-trial procedures for the Confirmation Hearing. In connection with the foregoing, the Debtor further proposes that objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection to the confirmation of the Plan; and (d) be filed with the Court and served on the parties on the Official Service List so that they are received no later than 4:00 p.m., Eastern Time, on August 18, 2004, or such other date established by the Debtor that is at least 25 days after the commencement of the solicitation period in accordance with paragraph 30 below (the "Confirmation Objection Deadline").

25. Bankruptcy Rule 2002(b) requires at least 25 days notice by mail to all creditors and indenture trustees of the time set for filing objections to confirmation of a chapter 11 plan and the hearing to consider confirmation of a chapter 11 plan. Bankruptcy Rule 2002(d) requires that equity security holders be given notice of the foregoing in the manner and the form directed

---

[3] In addition, the Debtor expressly reserves its rights, pursuant to section 1126(e) of the Bankruptcy Code, to request that the Court designate any Ballot or Ballots as not being cast in good faith.

by the Court. In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtor proposes to serve on all creditors and equity security holders, as part of the Solicitation Packages, and not less than 25 days prior to the Confirmation Objection Deadline, a copy of a notice substantially in the form attached hereto as <u>Exhibit B</u> and incorporated herein by reference (the "Confirmation Hearing Notice"), setting forth, among other things: (a) the Voting Deadline for the submission of Ballots to accept or reject the Plan; (b) the Tabulation Rules and the deadline for filing Rule 3018 Motions; (c) the Confirmation Objection Deadline; and (d) the time, date and place of the Confirmation Hearing.

### *The Voting Record Date*

26. Bankruptcy Rule 3017(d) provides that the "date [an] order approving the disclosure statement is entered," or such other date established by the court, is the record date for determining the "holders of stock, bonds, debentures, notes, and other securities" entitled to receive the materials specified in Bankruptcy Rule 3017(d), including ballots for voting on a plan of reorganization. Fed. R. Bankr. P. 3017(d). To permit solicitation of the Plan to begin promptly after approval of this Motion, the Debtor proposes that the Court establish July 6, 2004, as the record date pursuant to Bankruptcy Rule 3017(d) for purposes of determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "Voting Record Date").

27. With respect to a transferred claim, the Debtor further proposes that the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred claim only if (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed, or (b) the transferee files by the Voting Record Date: (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer; and (ii) a sworn statement of the transferor supporting the validity of the transfer. Each transferee will be treated as a single creditor for purposes of the numerosity requirements in section

1126(c) of the Bankruptcy Code and the other voting and solicitation procedures set forth herein.

## *The Solicitation Package*

28.     Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> > (1)     the plan or a court-approved summary of the plan;
> >
> > (2)     the disclosure statement approved by the court;
> >
> > (3)     notice of the time within which acceptances and rejections of such plan may be filed; and
> >
> > (4)     such other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders pursuant to Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

29.     The Solicitation Package, comprised of the materials required to be provided to holders of claims and equity interests under Bankruptcy Rule 3017(d), will be mailed to such parties after the Court has approved the contents of the Disclosure Statement as containing adequate information, as required by section 1125 of the Bankruptcy Code. Specifically, the Debtor proposes to mail or cause to be mailed Solicitation Packages containing copies of: (a) the Confirmation Hearing Notice; (b) the Disclosure Statement (together with all exhibits

13

thereto, including the Plan), that have been filed with the Court before the date of the mailing by the Debtor; (c) a letter from the Debtor recommending acceptance of the Plan;[4] and (d) for Solicitation Packages sent to holders of claims in classes entitled to vote to accept or reject the Plan, an appropriate form of Ballot, a Ballot return envelope and such other materials as the Court may direct. Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages for holders of claims against or interests in the Debtor in a class under the Plan that is deemed to accept or reject the Plan under section 1126(f) or 1126(g) of the Bankruptcy Code will not include a Ballot, but instead will include the appropriate Notice of Nonvoting Status.

30. The Solicitation Packages will be mailed not less than 25 days prior to the Confirmation Objection Deadline to: (a) all persons or entities that have filed proofs of claim or equity interests on or before the Voting Record Date (or their transferees in accordance with paragraphs 26 and 27 above); (b) all persons or entities identified in the Schedules as holding liquidated, noncontingent, undisputed claims as of the Voting Record Date (or their transferees in accordance with paragraphs 26 and 27 above); (c) the Indenture Trustees; (d) all other known holders of claims against or equity interests in the Debtor, if any, as of the Voting Record Date; (e) all governmental units identified in the Schedules as creditors or potential creditors; (f) all nondebtor parties to executory contracts and unexpired leases identified in the Schedules; (g) all parties-in-interest that have filed notices in accordance with Bankruptcy Rule 2002 in the Debtor's chapter 11 case on or before the Voting Record Date; (h) the U.S. Trustee; (i) the agent for the Debtor's secured postpetition lenders; and (j) all other parties identified on the Official Service List. Except as otherwise provided above, entities identified in the Schedules as holding contingent, unliquidated or disputed claims that did not file a timely proof of claim will be served only with a copy of the Confirmation Hearing Notice.

---

[4] The letter recommending acceptance of the Plan has not been attached as an exhibit to this Motion.

31. The Debtor anticipates that a number of Disclosure Statement Notices will be returned by the United States Postal Service as undeliverable as a result of incomplete or inaccurate addresses (collectively, the "Undeliverable Addresses"). The Debtor believes that it would be costly and wasteful to mail Solicitation Packages to the Undeliverable Addresses. Therefore, the Debtor requests that they be excused from mailing Solicitation Packages to those entities for which the Debtor has only Undeliverable Addresses unless the Debtor is provided with accurate addresses for such entities, in writing, on or before the Voting Record Date.

32. The Debtor submits that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline and related matters fully comply with Bankruptcy Rules 2002 and 3017. Accordingly, the Debtor requests that the Court approve such procedures as appropriate and in compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.[5]

**Notice**

33. No trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been given to the parties identified on the Official Service List. In accordance with Bankruptcy Rules 2002(b) and 3017(a) and the Disclosure Statement Notice Order, additional notice of the relief sought herein has been given in the manner described in paragraphs 6 through 8 above. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

**No Prior Request**

34. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this chapter 11 case.

---

[5] The Debtors expect to include in the Motion Supplement certain additional procedures that will govern the solicitation of votes from the beneficial holders of the notes and bonds under the Secured Indentures and the Unsecured Indentures.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>: (i) finding that the Disclosure Statement Notice gave adequate notice of the Disclosure Statement hearing and an opportunity to object to the approval of the Disclosure Statement; (ii) approving the Disclosure Statement, pursuant to section 1125 of the Bankruptcy Code; (iii) approving the Solicitation Procedures; (iv) scheduling the Confirmation Hearing and approving the related notice procedures described herein; and (v) granting such other and further relief as the Court may deem proper.

Dated: June 7, 2004 **McGUIREWOODS LLP**

By: /s/ Mark E. Freedlander
Robert G. Sable (Pa ID No. 00964)
Mark E. Freedlander (Pa. ID No. 70593)
James H. Joseph (Pa. ID No. 82087)
Dominion Tower, 23rd Floor
625 Liberty Avenue
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Facsimile: (412) 667-6050
Email: mfreedlander@mcguirewoods.com

-and-

BAILEY, RILEY, BUCH & HARMAN, L.C.
Arch W. Riley, Jr. (WV I.D. #3107)
Riley Building
53 - 14th ST Suite 900
Wheeling, WV 26003-0081
Telephone: 304.232.6675
Facsimile: 304.262.9897
Email: arileyjr@brbhlaw.com

Co-Counsel to Weirton Steel Corporation, *et al*.