IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 5:03-BK-01802 |
| WEIRTON STEEL CORPORATION, | Chapter 11 |
| Debtor. | Honorable L. Edward Friend, II<br>United States Bankruptcy Judge |

**SUMMARY COVER SHEET ON THE FINAL FEE APPLICATION OF McGUIREWOODS LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE PERIOD FROM MAY 19, 2003 THROUGH AUGUST 24, 2004**

To All Creditors and Parties-In-Interest:

1. An order authorizing the retention of McGuireWoods LLP as bankruptcy counsel to Weirton Steel Corporation was entered on or about May 23, 2003. The order approving the retention of McGuireWoods LLP ("McGuireWoods" or "Applicant") as counsel is attached hereto as Exhibit A.

2. This is the final Fee Application of McGuireWoods for the period from May 19, 2003 through August 24, 2004 (the "Application").

3. Applicant received a retainer in the amount of $22,311.61 in connection with its representation of the Debtor.

4. Pursuant to the Administrative Order in this Chapter 11 Case Regarding Interim Compensation of Professionals dated May 21, 2003 (the "Administrative Order"), and the Modified Administrative Order dated June 10, 2004 (the "Modified Administrative Order"), McGuireWoods has received interim approval for 100% of fees of $2,650,116.00 and 100% of expenses of $361,443.81 for the period of May 19, 2003 through May 16, 2004.

5. For the period from May 17, 2004 through August 24, 2004 ("Final Period"), McGuireWoods provided a total of 1,815.0 hours of legal and paralegal services on behalf of the Debtor. The value of these services provided by McGuireWoods during the Final Period is $425,539.00. McGuireWoods disbursed the amount of $41,936.13 in expenses during the Final Period.

6. By this Application, McGuireWoods seeks final approval of compensation in the amount of $3,075,655.00 in fees and reimbursement of expenses in the amount of $403,379.94 for services rendered for the period from May 19, 2003 through August 24, 2004 ("Application Period"). During the Application Period, McGuireWoods provided a total of 13,371.1 hours of legal and paralegal services on behalf of the Debtor.

7.  Any written objections to this Application must be served on the Notice Parties, as that term is defined in the Administrative Order, no later than October 13, 2004.

Dated: September 23, 2004        Respectfully submitted,

McGUIREWOODS LLP

By: _____
Mark E. Freedlander (Pa. I.D. #70593)
23rd Floor, Dominion Tower
625 Liberty Avenue
Pittsburgh, PA  15222-3142
Telephone:  412.667.6000
Facsimile:  412.667.6050
Email:  mfreedlander@mcguirewoods.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 5:03-BK-01802 |
| WEIRTON STEEL CORPORATION, | Chapter 11 |
| Debtor. | Honorable L. Edward Friend, II<br>United States Bankruptcy Judge |

**FINAL FEE APPLICATION OF McGUIREWOODS LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE PERIOD FROM MAY 19, 2003 THROUGH AUGUST 24, 2004**

TO:   THE HONORABLE L. EDWARD FRIEND, II

McGuireWoods LLP ("McGuireWoods" or "Applicant"), counsel to the Debtor, pursuant to §§330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Administrative Order entered May 21, 2003, and section 2.2 of the Debtor's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code dated June 7, 2004, and as amended dated August 23, 2004, files the within Final Fee Application of McGuireWoods for the period from May 19, 2003 through August 24, 2004 (the "Application").

## BACKGROUND

1.   Weirton Steel Corporation ("Weirton", or the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 19, 2003.

2.   On June 23, 2003, this Court approved the retention and employment of McGuireWoods, as counsel to the Debtor. A copy of the order approving the retention and employment of McGuireWoods is attached hereto as Exhibit A.

3.   By this Application, McGuireWoods seeks final approval of compensation in the amount of $3,075,655.00 in fees and reimbursement of expenses in the amount of $403,379.94 for services rendered for the period from May 19, 2003 through August 24, 2004 ("Application Period").

4. Copies of the following documents are on file with the Court and can be provided or reviewed upon request: (i) all Invoices of services and disbursements expended by McGuireWoods during the period from May 19, 2003 through May 16, 2004; (ii) a narrative statement of the services rendered and a summary of the time and charges of each professional who rendered services during the period from May 19, 2003 through May 16, 2004; and (iii) a listing of the names, title, and hourly rates for each professional and paraprofessional who rendered services during the period from May 19, 2003 through May 16, 2004.

5. During the period from May 17, 2004 through August 24, 2004 ("Final Period"), McGuireWoods provided a total of 1,815.0 hours of legal and paralegal services on behalf of the Debtors.

6. The value of the services performed by McGuireWoods LLP on behalf of the Debtor during the Final Period is $425,539.00.

7. McGuireWoods has accounted for its time by designating twenty-two (22) separate categories, standard for a case of this size and nature, to which time was billed as follows:

| Exhibit | Category |
|---|---|
| Exhibit 1 | 01 General (Administrative Matters) |
| Exhibit 2 | 02 Petition, Schedules and Financial Reports |
| Exhibit 3 | 03 Investigation of Prepetition Transactions |
| Exhibit 4 | 04 Debtor in Possession Financing |
| Exhibit 5 | 05 Monthly Reports |
| Exhibit 6 | 06 Cash Collateral |
| Exhibit 7 | 07 Creditors Inquiries |
| Exhibit 8 | 08 Docket Review |
| Exhibit 9 | 09 Employee Matters |
| Exhibit 10 | 10 Executory Contracts, Personalty Leases and Real Estate Leases |
| Exhibit 11 | 11 Reclamation |
| Exhibit 12 | 12 Client Conferences |
| Exhibit 13 | 13 Disclosure Statement and Plan of Reorganization |
| Exhibit 14 | 14 Insurance |
| Exhibit 15 | 15 Taxes |
| Exhibit 16 | 16 Utilities |
| Exhibit 17 | 17 Creditors' Committee |
| Exhibit 18 | 18 Claims Processing |
| Exhibit 19 | 19 Miscellaneous Motions and Adversary Proceedings |
| Exhibit 20 | 20 Sales |
| Exhibit 21 | 21 Motions for Relief from Stay |

Exhibit 22     22 Retention of Professionals and Fee Applications

8. A narrative statement of the services rendered in each category and a summary of the time and charges of each professional who rendered services during the Final Period and the grand total of all time and charges for services rendered in each category is as follows:

01 <u>General (Administrative Matters)</u>. Services rendered in this category include meetings and conferences with Debtor's management, strategic planning, research and advice regarding corporate governance, research and draft pleadings, and other general issues in the bankruptcy case. The total hours expended in this category are 450.0 and the total amount of compensation sought in this category is $107,125.00.

02 <u>Petition, Schedules and Financial Reports</u>. Services rendered in this category include reviewing and revising settlement statements and record retention issues. The total hours expended in this category are 2.5 and the total amount of compensation sought in this category is $902.50.

03 <u>Investigation of Prepetition Transactions</u>. There were no services rendered in this category.

04 <u>Debtor-in-Possession Financing</u>. There were no services rendered in this category.

05 <u>Monthly Reports</u>. Services rendered in this category include conferences with Debtor's personnel regarding preparation and review of monthly operating reports. The total hours expended in this category are 3.0 and the total amount of compensation sought is $388.00.

06 <u>Cash Collateral</u>. Services rendered in this category include addressing professional release letter issues. The total hours expended in this category are 0.9 and the total amount of compensation sought is $315.00.

07 <u>Creditors Inquiries</u>. Services rendered in this category include inquiries and correspondence with creditors regarding the bankruptcy. The total hours expended in this category are 1.5 and the total amount of compensation sought is $330.00.

08 <u>Docket Review</u>. Services rendered in this category include import and distribution of documents on the Extranet, and maintenance of master calendar. The total hours expended in this category are 16.6 and the total amount of compensation sought is $2,075.00.

09 <u>Employee Matters</u>. Services rendered in this category include research and analysis of medical records issues, benefit plan issues, KERP issues, OSHA regulation issues, and severance annuities issues. The total hours expended in this category are 88.5 and the total amount of compensation sought is $25,917.50.

10  Executory Contracts, Personalty Leases and Real Estate Leases. Services rendered in this category include discussions with Debtor's personnel regarding various contracts and assumption and assignment or rejection of various contracts, drafting and revising correspondence, motions, responses and related pleadings. The total hours expended in this category are 39.7 and the total amount of compensation sought is $8,500.50.

11  Reclamation. Services rendered in this category include review and responses to reclamation claims and addressing reclamation notices. The total hours expended in this category are 4.4 and the total amount of compensation sought is $912.00.

12  Client Conferences. Services rendered in this category include conferences with client related to wind-down, plan timeline and case strategy. The total hours expended in this category are 13.1 and the total amount of compensation sought is $2,882.00.

13  Disclosure Statement and Plan of Reorganization. Services rendered in this category include drafting, multiple revisions and review of the plan of liquidation and disclosure statement, address issues relating to treatment of insurance claims and tort claims in plan, research tax issues, draft and revise motion to approve disclosure statement, multiple conferences with counsel for creditors regarding plan and disclosure statement issues, review and address voting procedures, draft liquidating trust documentation, draft notice of conversion for Weirton Venture and FW Holdings, conferences with Donlin Recano regarding plan solicitation, review and address objections to plan of liquidation, draft confirmation order, draft amendments to plan of liquidation, and travel to Wheeling, West Virginia for plan confirmation hearing. The total hours expended in this category are 256.0 and the total amount of compensation sought is $68,364.50.

14  Insurance. Services rendered in this category include conferences and analysis of insurance issues. The total hours expended in this category are 12.4 and the total amount of compensation sought is $3,245.50.

15  Taxes. Services rendered in this category include conferences and review of tax claims. The total hours expended in this category are 0.4 and the total amount of compensation sought is $88.00.

16  Utilities. There were no services rendered in this category.

17  Creditors' Committee. Services rendered in this category include conferences with counsel for creditors committee. The total hours expended in this category are 0.6 and the total amount of compensation sought is $210.00.

18  Claims Processing. Services rendered in this category include conferences, review and analysis of various claims and claims

procedures, conferences and correspondence with various creditors regarding their claims, analysis of potential environmental claim and worker's compensation claim issues, draft motion for order establishing administrative bar date, multiple conferences with Donlin Recano regarding claims process, draft settlement proposal to West Virginia Department of Environmental Protection, draft settlement proposal of workers compensation claims, review mechanics' lien claims, review and draft proposals to and settlement agreement with the PBGC, review secured, administrative and priority claims for resolution strategy and legal research for same, travel to Weirton, West Virginia to meet with client regarding claims analysis and reconciliation, analyze administrative claims register and assumed accounts payable, draft and make multiple revisions to various omnibus objections to claims, and draft and revise brief concerning stay of Quality Board appeal. The total hours expended in this category are 319.8 and the total amount of compensation sought is $82,332.00.

19   Miscellaneous Motions and Adversary Proceedings. Services rendered in this category include preparation and review of motions, stipulations, and settlement agreements, draft and revise memorandum regarding legal position on mechanics lien and settlement recommendations, conferences regarding strategy regarding mechanics' liens claims, research mootness and sovereign immunity issues, draft and revise appellate brief in West Virginia Department of Environmental Protection appeal, research issues regarding liquidation and termination of annuities, draft motion to terminate annuities and supplemental retirement payments, and draft responses to discovery requests. The total hours expended in this category are 229.9 and the total amount of compensation sought is $42,980.50.

20   Sales. Services rendered in this category include issues relating to closing the ISG transaction, review and revise miscellaneous personal property sale motions, address various subdivision issues, prepare and attend Planning Commission meeting for remaining subdivision applications, research property transfer tax issues, research liability for transfer stamps, multiples conferences with various buyers to coordinate closing issues, prepare for and attend multiple closings, review and revise multiple escrow agreements regarding mechanics' liens claims and related closing issues, and review asset purchase agreement and working capital adjustment papers. The total hours expended in this category are 262.4 and the total amount of compensation sought is $61,357.00.

21   Motions for Relief from Stay. Services rendered in this category include attention to relief from stay motions and stipulations. The total hours expended in this category are 3.1 and the total amount of compensation sought is $530.00.

22   Retention of Professionals and Fee Applications. Services rendered in this category include drafting and review of affidavits and orders, conferences with professionals relating to fee application procedures,

5

drafting of professional retention applications and related documents to employ and compensate various professionals in this case, and drafting monthly fee applications. The total hours expended in this category are 110.3 and the total amount of compensation sought is $17,084.00.

9. Set forth in Exhibits 1 – 22 is a listing of services provided by individual professionals and paraprofessionals in each category set forth in the Administrative Order.

10. A list of the individual professionals and paraprofessionals who have rendered services during the Final Period and their respective titles and hourly rates is set forth in Exhibit B.

11. A summary of expenses incurred during the Final Period is set forth in Exhibit C.

12. A summary of the quarterly and cumulative amount of time billed to each of these categories is set forth in Exhibit D.

13. The fees and expenses requested by McGuireWoods LLP are based on the firm's usual and customary hourly rates and expenses charged for work performed for other clients on both bankruptcy and non-bankruptcy related matters.

14. Except as has been disclosed in the Declaration of Mark E. Freedlander, attached to the Motion to Retain and Employ McGuireWoods as counsel for the Debtor, and in the Supplemental Affidavit of Mark E. Freedlander, filed with this Court on September 23, 2003, McGuireWoods has had no contact with the Debtor or other parties in interest in this case, prior to the commencement of this case.

15. As set forth in the attached Affidavit of Mark E. Freedlander, McGuireWoods LLP has not represented or held an interest adverse to the estate, and is a disinterested person within the meaning established by § 327(a) of the Bankruptcy Code. Additionally, no division of fees prohibited by § 504 of the Bankruptcy Code and no agreement prohibited by 18 U.S.C. § 155 has been or will be made by McGuireWoods LLP or any of its employees.

WHEREFORE, McGuireWoods LLP respectfully requests that this Honorable Court enter an Order substantially in the form attached hereto, granting final approval of compensation in the amount of $3,075,655.00 in fees and reimbursement of expenses in the amount of $403,379.94 for services rendered during the period from May 19, 2003 through August 24, 2004.

Dated: September 23, 2004

Respectfully submitted,

McGUIREWOODS LLP

By: _____
Mark E. Freedlander (Pa. I.D. #70593)
23rd Floor, Dominion Tower
625 Liberty Avenue
Pittsburgh, PA 15222-3142
Telephone: 412.667.6000
Facsimile: 412.667.6050
Email: mfreedlander@mcguirewoods.com

Co-Counsel to Weirton Steel Corporation

# AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA )
) SS:
COUNTY OF ALLEGHENY )

Mark E. Freedlander, being first duly sworn on oath, deposes and says that he is a partner in the law firm of McGuireWoods LLP, counsel for Weirton Steel Corporation.

That McGuireWoods LLP is a disinterested person and does not represent or hold an interest adverse to the interests of the Estates on the matters for which it was employed, in accordance with Section 327(a) of the Bankruptcy Code;

That no prohibited agreement or understanding exists between McGuireWoods LLP or any of its employees and any other person or persons for a division of compensation in this proceeding;

That no division of fees prohibited by §504 of the Bankruptcy Code has been or will be made;

That no agreement prohibited by 18 U.S.C. §155 has been or will be made by McGuireWoods LLP or any of its employees;

That no other prohibited division of compensation has been or will be made by McGuireWoods LLP or any of its employees;

That, in addition, the foregoing Application is submitted in accordance with the provisions of Rule 2016 of the Federal Rules of Bankruptcy Procedure and the Rules of this Court.

_____
Mark E. Freedlander

Sworn to and subscribed
before me this 3rd day
of September 2004.

_____
Notary Public

> Notarial Seal
> Charlene Marquart, Notary Public
> City of Pittsburgh, Allegheny County
> My Commission Expires Nov. 5, 2005
> Member, Pennsylvania Association Of Notaries

Case 5:03-bk-01802   Doc 2895   Filed 09/23/04   Entered 09/23/04 17:46:44   Desc Main Document   Page 10 of 10