## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: | ) Bankruptcy Case No. 5:03-BK-01802 |
| | ) |
| WEIRTON STEEL CORPORATION | ) Chapter 11 |
| | ) |
| Debtor. | ) Honorable L. Edward Friend, II |
| | ) United States Bankruptcy Judge |

## SUMMARY COVER SHEET FOR THE FEE APPLICATION OF KIRKPATRICK & LOCKHART LLP FOR FINAL ALLOWANCE AND APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTOR FOR THE PERIOD MAY 18, 2004 THROUGH AUGUST 24, 2004

To All Creditors and Parties-In-Interest:

a.  Your Applicant was authorized to serve as special counsel to the Debtor effective May 23, 2003. An order approving the retention of Kirkpatrick & Lockhart LLP ("K&L" or "Applicant") as special counsel is attached hereto as Exhibit A.

b.  This is a final fee application for the period May 18, 2004 through August 24, 2004.

c.  Applicant holds a retainer in the amount of $89,000 in connection with its representation of the Debtor. The Debtor has agreed that K&L may hold this retainer during the pendency of this case and apply the retainer against the Firm's final fee application.

d.  Previous interim compensation tentatively allowed to Applicant for the period May 18, 2004 through August 24, 2004 ("Final Fee Period"): $28,752.14.

e.  Fees sought for the Final Fee Period are $30,396.25 and expenses sought for the same period are $2,094.68.

f.  The total amount of compensation to be approved pursuant to the Modified Order Under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Compensation and Reimbursement of Expenses of Professionals is as follows:

- May 18-31, 2004: $11,889.32
- June 2004: $8,530.41
- July 2004: $8,332.41
- August 1-24, 2004: $3,738.79

g. The blended hourly rate for the Final Fee Period is $245.82.

h. Any written objections to this Fee Application must be served on the Notice Parties, as that term is defined in the Administrative Order in this Chapter 11 Case Regarding Interim Compensation of Professionals dated May 21, 2003 (the "Administrative Order"), no later than October 13, 2004.

Dated: September 23, 2004

KIRKPATRICK & LOCKHART LLP

Richard W. Hosking
Pa I.D. # 32982
Michael C. McLean
Pa I.D. # 11229
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: 412.355-6500
Facsimile: 412.355-6501

| | |
|---|---|
| In re: | ) Bankruptcy Case No. 5:03-BK-01802 |
| | ) |
| WEIRTON STEEL CORPORATION | ) Chapter 11 |
| | ) |
| Debtor. | ) Honorable L. Edward Friend, II |
| | ) United States Bankruptcy Judge |

**FEE APPLICATION OF KIRKPATRICK & LOCKHART LLP
FOR FINAL ALLOWANCE AND APPROVAL OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTOR
FOR THE PERIOD MAY 18, 2004 THROUGH AUGUST 24, 2004**

TO:   THE HONORABLE L. EDWARD FRIEND, II

Kirkpatrick & Lockhart LLP ("K&L" or "Applicant"), special counsel to the Debtor, pursuant to §§330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and the Administrative Order entered May 21, 2003, files this Application requesting final allowance and approval of compensation and reimbursement of expenses for the period May 18, 2004 through August 24, 2004 and in support thereof, states as follows:

## I.   BACKGROUND

1. On May 19, 2003 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) (the "Bankruptcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and affairs in the ordinary course as Debtor-in-possession.

2. On June 23, 2003, this Court approved the retention and employment of K&L, as special counsel to the Debtor. A copy of the order approving the retention and employment of K&L is attached hereto as Exhibit A.

3. K&L files this Application for the final allowance and approval of compensation for legal services rendered during the period from May 18, 2004 through and including August 24, 2004 (the "Final Fee Period"), and for the allowance of reimbursement for the actual and necessary expenses incurred by it in this case during the Final Fee Period.

4. All services performed by K&L during the Final Fee Period for which the approval of compensation is now being sought were performed for and on behalf of the Debtor.

5. No agreement or understanding has existed or does exist between K&L and any other person for the sharing of compensation received or to be received in this case.

## II. SUMMARY OF WORK PERFORMED FOR THE PERIOD MAY 18 - AUGUST 24, 2004 ("FINAL FEE PERIOD")

6. <u>Time and Labor Expended.</u> During the Final Fee Period, K&L provided a total of 123.65 hours of legal and paralegal services on behalf of the Debtor. The value of the services performed by K&L on behalf of the Debtor for the Final Fee Period is $30,396.25. The value of disbursements is $2,094.68. Attached to this Application as Exhibit B are the invoices for services rendered and disbursements expended by K&L during the Final Fee Period. These invoices include descriptions of the services provided, divided by category, and include the subject matter and nature of the services performed, as well as an itemization of the expenses occurred. A schedule of the disbursements and other expenses is set forth in Exhibit C. A schedule of the total time expended by each professional in this case is set forth in Exhibit D.

7. <u>Novelty and Difficulty of the Questions Involved.</u> This case is a substantial Chapter 11 case that involves difficult and complex bankruptcy and litigation issues. Such

Case 5:03-bk-01802   Doc 2902   Filed 09/24/04   Entered 09/24/04 11:17:06   Desc
Main Document    Page 4 of 13

matters include financial and credit accommodations, employment and benefit issues, debtor-in-possession financing, and many similar issues.

8. <u>Administration of the Case</u>. K&L is special counsel in this case. Every effort has been made to avoid duplication of efforts, and work has been assigned between the firms retained based upon the knowledge and particular expertise of the firm, as instructed by the Debtor.

9. <u>Skill Requisite to Perform the Legal Services Properly</u>. K&L attorneys are knowledgeable in the areas of law for which their services are rendered, and for the many legal issues that will be faced by the Debtor. K&L can call upon a broad range of attorneys whose particular areas of concentration permit it to handle the issues in this case in an expeditious and cost-effective manner.

10. <u>Preclusion of Other Employment</u>. K&L's representation of the Debtor in this case precludes its representation of other potential clients.

11. <u>Customary Fee</u>. The rates charged by K&L in this case are the regular and customary rates charged by K&L in cases of this nature. The rates of K&L attorneys and paralegals are shown on the Invoice. The fee requested by K&L is not fixed or contingent, but is based upon K&L's regular hourly rates in cases of this nature.

12. <u>Time Limitation Imposed</u>. This case has involved a number of deadlines and hearings. K&L has worked diligently to meet the required deadlines.

13. _Results Obtained_. K&L submits that the time expended has benefited the Debtor, its bankruptcy estate and creditors, and has met or exceeded all reasonable expectations of debtor's special counsel in similar cases.

14. _Experience, Reputation, and Ability of Counsel_. With over 690 attorneys and 10 offices nationwide, K&L is one of the most respected law firms in the United States, and has extensive experience representing chapter 11 debtors.

15. _Prior Professional Relationship With the Debtor_. K&L has performed legal work for the Debtor since 1984, as disclosed in the Declaration of Michael C. McLean, attached to the Motion to Employ and Retain Kirkpatrick & Lockhart LLP as special counsel for the Debtor. Accordingly, the Debtor's estate is reaping the benefit of the experience and "learning curve" developed by K&L over many years.

16. _Awards in Similar Cases_. The fees requested herein are commensurate with those charged by other firms in this District for cases similar in size and nature to this case.

### III. ITEMIZATION OF FEES AND COSTS

17. As shown on the Summary Cover Sheet, fees for professional services rendered during the Final Fee Period are $30,396.25. K&L submits that all fees are reasonable and necessary. The invoices show the attorneys and other professionals who have worked on this matter during the Final Fee Period, including the standard hourly rate charged for each professional.

18. _Fees_. As set forth in the fee application guidelines of the U.S. Trustee's office, K&L has divided its services into 10 billing categories. Set forth below is a narrative summary

of the categories under which services were performed by K&L during the Final Fee Period. Reference should be made to the attachments hereto for a more detailed description of the services rendered.

.0228 BR/Pension, ERISA and Retiree Medical – This category includes time spent on matters pertaining to the review, assessment and advice regarding the Company's pension, post-retirement medical plans, employee stock ownership plans and other employee benefits plans and alternatives, as well as negotiations with the PBGC.

.0229 BR/Corporate and Securities – This category includes time spent on general corporate matters, including corporate governance and corporate advice and planning.

.0230 BR/Billing and Compensation – This category includes time spent regarding timekeeping and billing matters.

.0231 BR/Restructuring Transactions – This category includes time spent addressing issues related the assessment of the Debtor's financial restructuring and other strategic alternatives.

.0232 BR/General Administration – This category includes time spent regarding general administrative matters, miscellaneous conferences and docket review and control.

.0233 BR/Litigation – This category includes time spent related to insurance coverage and related litigation other than in West Virginia state courts or tribunals.

.0234 BR/Intellectual Property – This category includes time spent regarding patent and trademark protection, licensing, prosecution of intellectual property rights and litigation.

.0235 BR/Environmental Compliance – This category includes time spent regarding federal and state environmental matters, including regulatory and litigation matters.

.0236 BR/Employment and Human Resource Matters – This category includes time related to labor and employment matters.

.0237 BR/Governmental Relations – This category includes time spent relating to governmental relations other than West Virginia-related matters.

19. <u>Costs</u>. In addition to professional fees, K&L has expended at least $2,094.68 as reasonable and necessary out of pocket costs in this action, and reimbursement for such costs are hereby requested. These costs are itemized in Exhibit C.

WHEREFORE, K&L respectfully requests, as presented in the attached, proposed Order,

(i) that an allowance be made to it in the sum of $30,396.25 as reasonable attorneys' fees for professional services rendered to the Debtor from May 18, 2004 through August 24, 2004;

(ii) that an allowance be made to it in the amount of $2,094.38 as reimbursement for actual and necessary expenses incurred on behalf of the Debtor from May 18, 2004 through August 24, 2004; and

(iii) that the Debtor be authorized and directed to immediately pay K&L the balance due on all approved fees and expenses.

Dated: September 23, 2004

Respectfully submitted,

KIRKPATRICK & LOCKHART LLP

/s/ Richard W. Hosking

Richard W. Hosking
Pa I.D. # 32982
Michael C. McLean
Pa I.D. # 11229
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: 412.355-6500
Facsimile: 412.355-6501

## NOTICE AND OPPORTUNITY TO OBJECT

In accordance with the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, an objection to this Application must be filed with the Court and served so as to be received by the undersigned special counsel for the Debtor within twenty (20) days of service. In the event that no objections are filed by that time, a certificate of no objection will be filed with the Court.

Respectfully submitted,

*Richard W. Hosking* (signature)

Richard W. Hosking
Michael C. McLean
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: 412.355-6500
Facsimile: 412.355-6501

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. 5:03-BK-01802 |
| | ) | |
| WEIRTON STEEL CORPORATION | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable L. Edward Friend, II |
| | ) | United States Bankruptcy Judge |

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I caused copies of the Fee Application of Kirkpatrick & Lockhart LLP For Final Allowance and Approval of Compensation and Reimbursement of Expenses As Special Counsel to the Debtor For The Period May 18, 2004 Through August 24, 2004 to be served on the following parties in interest on September 23, 2004, by United States first class mail, postage prepaid:

Mark E. Feedlander, Esquire
McGuireWoods, LLP
23rd Floor, Dominion Tower
625 Liberty Avenue
Pittsburgh, PA 15222-3142

Weirton Steel Corporation
Attn: Robert Fletcher
400 Three Springs Drive
Weirton, WV 26062-4989

Marc Richard, Esquire
Michael Z. Brownstein, Esquire
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Alan P. Solow, Esquire
Goldberg, Kohn, Bell, Black, Rosenbloom &
Moritz, Ltd.
55 East Monroe Street, Suite 3700
Chicago, IL 60603

Eric Schaffer, Esquire
Reed Smith LLP
435 Seventh Avenue
Pittsburgh, PA 15219

Debra A. Wertman, Esquire
Office of the U.S. Trustee
2025 United States Courthouse
300 Virginia Street East
Charleston, WV 25301

_____
Richard W. Hosking

Case 5:03-bk-01802   Doc 2902   Filed 09/24/04   Entered 09/24/04 11:17:06   Desc
Main Document      Page 10 of 13



CW - 602

# - Barcode Data -

## Queue: LisaM

Case 5:03-bk-01802    Doc 2902    Filed 09/24/04    Entered 09/24/04 11:17:06    Desc
Main Document      Page 11 of 13

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: : Bankruptcy No. 5:03-BK-1802

WEIRTON STEEL CORPORATION, : Chapter 11

Debtor. : L. Edward Friend, II
: United States Bankruptcy Judge

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KIRKPATRICK & LOCKHART LLP AND SPILMAN, THOMAS & BATTLE, PLLC AS SPECIAL COUNSEL FOR THE DEBTOR

Upon the application (the "Application") of the Debtor for an order pursuant to Federal Rule of Bankruptcy Procedure 2014(a) (the "Bankruptcy Rules") and section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor to employ and retain Kirkpatrick & Lockhart LLP ("K&L") and Spilman, Thomas & Battle, PLLC ("STB") as special counsel for the Debtor to perform the services set forth in the Application; and upon the Declaration of Michael C. McLean (the "McLean Declaration"), a member of K&L, and the Affidavit of James A. Walls (the "Walls Affidavit"), a member of STB, and the Court being satisfied, based on the representations made in the Application, the McLean Declaration and the Walls Affidavit, that K&L and STB represent no interest adverse to the Debtor's estate with respect to the matters upon which each firm is to be engaged, and that the employment of K&L and STB is necessary and in the best interests of the Debtor and its estate; and it appearing that notice of the Application having been given to the parties specified in the Application, and that no other or further notice need be given; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that, pursuant to section 327(e) of the Bankruptcy Code and Fed. R. Bankr. P. 2014(a), the Debtor is authorized to employ and retain K&L and STB as special counsel on

the terms set forth in the Application, the McLean Declaration and the Walls Affidavit, effective as of the Petition Date, and it is further

ORDERED that all compensation payable to K&L and STB shall be subject to the provisions of sections 330 and 331 of the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, Local Rules, the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and procedures as may be fixed by order of this Court.

Dated: June 19, 2003

UNITED STATES BANKRUPTCY JUDGE

\\FIN\125303.1