UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 5:03-BK-01802 |
| WEIRTON STEEL CORPORATION, | : | Chapter 11 |
| Debtor. | : | Honorable L. Edward Friend, II<br>United States Bankruptcy Judge |

## MOTION OF WEIRTON STEEL CORPORATION LIQUIDATING TRUSTEE FOR ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING COMPROMISE AND SETTLEMENT WITH SCHINDLER ELEVATOR CORPORATION

The Weirton Steel Corporation Liquidating Trustee (the "WSCLT Trustee"), on behalf of the Weirton Steel Corporation Liquidating Trust ("WSCLT") and by and through its undersigned counsel, files this motion (the "Motion") for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving a compromise and settlement reached by and between the WSCLT and Schindler Elevator Corporation ("Schindler"). In support of this Motion, WSCLT respectfully represents as follows:

1. By this Motion, WSCLT Trustee requests approval of a compromise and settlement reached by and between WSCLT and Schindler, which resolves certain claim disputes relating to the extent and validity of Weirton Steel Corporation's ("Weirton" or the "Debtor") obligations to Schindler as a result of certain maintenance and repair work performed pre-petition by Schindler for the Debtor.

### JURISDICTION

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On May 19, 2003 ("Petition Date"), Weirton filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code" or the "Code") in the United States Bankruptcy Court for the Northern District of West Virginia (the "Bankruptcy Court" or "Court") at Case No. 5:03-BK-1802.

4. On February 26, 2004, the Debtor filed a Motion (the "Sale Motion") for An Order Pursuant to Sections 105, 363, 365 and 1146 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014: (I) Scheduling Hearing to Approve Amended and Restated Asset Purchase Agreement dated February 25, 2004 with ISG Weirton Inc. and International Steel Group Inc. Subject to Higher or Better Offers; (II) Approving Bidding Procedures for Submission and Acceptance of Any Competing Bids and Related Bid Protections (Including Break-up Fee and Expense Reimbursement); (III) Approving the Form and Manner of Sale Notice; (IV) Approving and Authorizing (A) the Sale of Substantially All Assets, Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (B) the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases.

5. Pursuant to the Sale Motion, the Debtor conducted an auction (the "Auction") on April 12 and 13, 2004. On April 15, 2004, the Debtor determined that the bid submitted at the Auction by ISG Weirton Inc. (the "Buyer"), a wholly owned affiliate of International Steel Group Inc., was the highest and best bid for the substantially all of the Debtor's assets.

6. On April 22, 2004, this Court entered an Order (the "Sale Order"), which, *inter alia*, approved the sale (the "ISG Sale") of substantially all of the Debtor's assets to the Buyer.

7. The ISG Sale closed effective May 17, 2004 (the "Closing"), after which time Weirton no longer conducted business operations. Since the Closing, the Buyer has been operating Weirton's assets as a going concern.

8. On July 9, 2004, the Debtor filed its First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code (the "Plan") and an accompanying disclosure statement (the

2

"Disclosure Statement"). Generally, the Plan provides for the distribution of all estate assets, including but not limited to the proceeds from the ISG Sale, to all creditors of the estate holding allowed claims, and, the dissolution of the Debtor upon the effective date of the Plan. To effectuate its terms postconfirmation, the Plan provides for the establishment of the WSCLT as of the effective date of the Plan and vests the Liquidating Trustee with all the rights and obligations of the Debtor.

9. The Court approved the Disclosure Statement on July 12, 2004 and scheduled a hearing to consider confirmation of the Plan for August 24, 2004.

10. On August 23, 2004, the Debtor filed its Second Amendment to the Plan, which included limited modifications, and, on August 24, 2004, the Bankruptcy Court confirmed the Debtor's Plan (the "Confirmed Plan").

11. The effective date for the Confirmed Plan was September 9, 2004 (the "Effective Date").

A. **The Claims of Schindler**

12. Prior to the Petition Date, Schindler and its predecessor in interest, Millar Elevator Company, performed comprehensive elevator maintenance and repair work for the benefit of Weirton in Weirton's industrial manufacturing facility. In particular, Schindler performed maintenance and repair work for the benefit of Weirton pursuant to purchase order numbers WS1P96706 and WSOP78498 (the "Purchase Orders").

13. Schindler filed a notice of mechanics' lien (the "Mechanics' Lien") against Weirton in the office of the County Clerk of Hancock County, West Virginia on June 23, 2003 in the amount of $293,182.20, which was allegedly owed by Weirton to Schindler under the Purchase Orders. Schindler filed a proof of claim (the "Proof of Claim") relating to the Mechanics' Lien on September 9, 2003. Weirton and the WSCLT Trustee dispute the amount of the claim alleged to be owed under the Purchase Orders to Schindler.

3

14. Weirton filed a Complaint for Declaratory Judgment (the "Complaint") in the Bankruptcy Court at Adversary No. 5:04-ap-48 (the "Adversary Proceeding") naming Schindler as a defendant. In its Complaint, Weirton seeks a determination that the Mechanics' Lien is invalid as a matter of law. Schindler responded to the Complaint, contending that (i) the Mechanics Lien is enforceable as a matter of law, (ii) Weirton breached its contractual obligations, and (iii) the waiver of mechanics' lien provisions in the Purchase Orders violates public policy. Schindler also asserted a counterclaim (the "Counterclaim") in its responsive pleading.

## RELIEF REQUESTED

15. By this Motion, the WSCLT Trustee requests approval of a compromise and settlement agreed to by the WSCLT Trustee and Schindler, which resolves the disputes relating to the Mechanics' Lien, the Proof of Claim, the Adversary Proceeding, and the Counterclaim (collectively referred to as the "Mechanics' Lien Dispute"). The WSCLT Trustee and Schindler desire to resolve the Mechanics' Lien Dispute in order to avoid the costs, risks, delay and uncertainty associated with the prosecution and defense of the same. The compromise and settlement will expedite the distribution process, preserve WSCLT assets and resources and best serve the interests of Weirton's creditors.

### A. Significant Terms of the Compromise and Settlement

16. A true and correct copy of the settlement agreement entered into by the WSCLT and Schindler (the "Settlement Agreement") is attached hereto as Exhibit "A" and incorporated herein by reference. However, the primary terms of the Settlement Agreement follow:

(i) The Mechanics' Lien claim shall be fixed and allowed against Weirton in the amount of $167,029.32 and shall be paid as a Class 1 claim in accordance with sections 4.1 and 7.5 of the Confirmed Plan. Payment of the allowed Class 1 claim of Schindler will be made by the WSCLT within three (3) business days following entry of a final order of the Bankruptcy Court approving the settlement with Schindler.

4

(ii) Other than as specifically provided in the Settlement Agreement, Schindler forever releases and discharges Weirton and WSCLT from any and all claims, past, present or future. Weirton will, within five days from the date of payment of the amount set forth in paragraph (i) cause the Complaint to be dismissed in accordance with Bankruptcy Rule 7041.

17. The WSCLT Trustee submits that the compromise and settlement is fair and reasonable and in the best interest of the WSCLT and Weirton's creditors as the compromise and settlement permits the WSCLT to expeditiously resolve the Mechanics' Lien Dispute, which otherwise could substantially delay the distribution process, increase costs associated with litigating the Mechanics' Lien Dispute, and result in a substantial dilution of the distributions to creditors holding allowed claims, if Schindler was to prevail.

## AUTHORITY FOR SETTLEMENT

18. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See In re Bond, 1994 U.S. App. Lexis 1282, *9-*13 (4th Cir. 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'"); Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000); Fishell v. Soltow (In re Fishell), No. 94-1109, 1995 WL 66622, at *2 (6th Cir. Feb. 16, 1995); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. See, e.g., Bartel v. Bar Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996); In re Foundation for New Era Philanthropy, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996); In re Miller, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); In re Check Reporting Service, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992); In re Patel, 43 B.R. 500, 504 (N.D. Ill. 1982).

5

19. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

   a) the probability of success in litigation;

   b) the difficulty in collecting any judgment that may be obtained;

   c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attendant to it; and

   d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245 (1968); United States ex rel. Rahman v. Oncology Assocs., P.C., 269 B.R. 139, 152 (D. Md. 2001); In re Frye, 216 B.R. 166, 174 (E.D. Va. 1997) (Alexandria Division); In re Patel, 43 B.R. at 504-05; Fishell, 1995 WL 66622, at *3; In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); In re Neshaminy Office Bldg. Assoc's., 62 B.R. 798, 803 (E.D. Pa. 1986).

20. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. See TMT Trailer Ferry, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Telesphere Communications, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994). In making its determination, a court should not substitute its own judgment for that of the debtor. Neshaminy Office, 62 B.R. at 803.

21. The Settlement Agreement is fair and reasonable under the circumstances and in the best interest of Weirton's creditors. The WSCLT Trustee's decision to settle and compromise the matters subject to the Settlement Agreement is an exercise of reasonable

6

business judgment to maintain and preserve the assets to be distributed under the Confirmed Plan.

## NOTICE

22. Notice of this Motion has been provided to the official service list approved in this case and counsel for Schindler. The WSCLT Trustee submits that, under the circumstances, no other or further notice is required.

WHEREFORE, WSCLT Trustee respectfully requests that this Court (i) approve the Settlement Agreement; (ii) authorize the WSCLT Trustee to execute, deliver, and implement any and all documents, fully perform any and all obligations, and take any and all actions, reasonably necessary or appropriate to effectuate the compromise and settlement without further Order of Court; and (iii) grant such other relief as this Court deems just and proper.

Dated: October 8, 2004

**McGUIREWOODS LLP**

By: _/s/ Mark E. Freedlander_
Mark E. Freedlander (Pa. ID No. 70593)
James H. Joseph (Pa. ID No. 82087)
Michael J. Roeschenthaler (Pa. ID No. 87647)
Dominion Tower, 23rd Floor
625 Liberty Avenue
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Facsimile: (412) 667-6050

-and-

BAILEY, RILEY, BUCH & HARMAN, L.C.
Arch W. Riley, Jr. (WV I.D. No. 3107)
Riley Building
53 - 14th ST Suite 900
Wheeling, WV 26003-0081
Telephone: 304.232.6675
Facsimile: 304.262.9897
Email: arileyjr@brbhlaw.com

Co-Counsel to Weirton Steel Corporation Liquidating Trust