IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: : Bankruptcy No. 5:03-BK-01802
:
WEIRTON STEEL CORPORATION, : Chapter 11
:
Debtor. : Honorable L. Edward Friend, II
: United States Bankruptcy Judge
:

**SUMMARY COVER SHEET ON THE FINAL FEE APPLICATION OF FTI CONSULTING, INC. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISORS TO THE DEBTOR FOR THE PERIOD FROM MAY 19, 2003 THROUGH JUNE 30, 2004**

To All Creditors and Parties-In-Interest:

1. An order authorizing the retention of FTI Consulting, Inc. as financial advisors to Weirton Steel Corporation was entered on or about June 23, 2003. The order approving the retention of FTI Consulting, Inc. ("FTI" or "Applicant") as financial advisor is attached hereto as Exhibit A.

2. This is the final Fee Application of FTI Consulting, Inc. for the period from May 19, 2003 through June 30, 2004 (the "Application").

3. Applicant received a retainer in the amount of $150,000.00 in connection with its financial advisory services on behalf of the Debtor.

4. Pursuant to the Administrative Order in this Chapter 11 Case Regarding Interim Compensation of Professionals dated May 21, 2003 (the "Administrative Order"), and the Modified Administrative Order dated June 10, 2004 (the "Modified Administrative Order"), FTI Consulting, Inc. has received interim approval for 100% of fees of $2,290,703.52 and 100% of expenses of $81,667.02 for the period of May 19, 2003 through June 30, 2004.

5. For the period from May 19, 2003 through June 30, 2004 ("Final Period"), FTI Consulting, Inc. provided a total of 5,168.7 hours of financial advisory services on behalf of the Debtor. The value of these services provided by FTI Consulting, Inc. during the Final Period is $2,290,703.52. FTI Consulting, Inc. disbursed the amount of $81,667.02 in expenses during the Final Period.

6. By Order of this Court on August 24, 2004, FTI Consulting, Inc. was awarded a $500,000 value-added fee for its work on this matter.

7. Any written objections to this Application must be served on the Notice Parties, as that term is defined in the Administrative Order, no later than November 20, 2004.

Dated: October 30, 2004

Respectfully submitted,

FTI Consulting, Inc.

By: _____
Michael J. Selwood
Managing Director
FTI Consulting, Inc.
625 Liberty Avenue, Suite 2800
Pittsburgh, PA 15222

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 5:03-BK-01802 |
| | : | |
| WEIRTON STEEL CORPORATION, | : | Chapter 11 |
| | : | |
| Debtor. | : | Honorable L. Edward Friend, II |
| | : | United States Bankruptcy Judge |
| | : | |

**FINAL FEE APPLICATION OF FTI CONSULTING, INC. FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTOR
FOR THE PERIOD FROM MAY 19, 2003 THROUGH JUNE 30, 2004**

TO:   THE HONORABLE L. EDWARD FRIEND, II

FTI Consulting, Inc. ("FTI" or "Applicant"), financial advisor to the Debtor, pursuant to §§330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Administrative Order entered May 21, 2003, and section 2.2 of the Debtor's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code dated June 7, 2004, and as amended dated August 23, 2004, files the within Final Fee Application of FTI Consulting, Inc. for the period from May 19, 2003 through June 30, 2004 (the "Application").

## BACKGROUND

1. Weirton Steel Corporation ("Weirton", or the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 19, 2003.

2. On June 23, 2003, this Court approved the retention and employment of FTI Consulting, Inc., as financial advisor to the Debtor. A copy of the order approving the retention and employment of FTI Consulting, Inc. is attached hereto as Exhibit A.

3. By this Application, FTI Consulting, Inc. seeks final approval of compensation in the amount of $2,290,703.52 in fees and reimbursement of expenses in the amount of $81,667.02 for services rendered for the period from May 19, 2003 through June 30, 2004 ("Final Period").

4. Copies of the following documents are on file with the Court and can be provided or reviewed upon request: (i) all Invoices of services and disbursements expended by FTI Consulting, Inc. during the period from May 19, 2003 through June 30, 2004; (ii) a narrative statement of the services

rendered and a summary of the time and charges of each professional who rendered services during the period from May 19, 2003 through June 30, 2004; and (iii) a listing of the names, title, and hourly rates for each professional who rendered services during the period from May 19, 2003 through June 30, 2004.

5. During the period from May 19, 2003 through June 30, 2004 ("Final Period"), FTI Consulting, Inc. provided a total of 5,168.7 hours of financial advisory services on behalf of the Debtors.

6. The value of the services performed by FTI Consulting, Inc. on behalf of the Debtor during the Final Period is $2,290,703.52. Including our value-added fee (as further described below) of $500,000, the total value of the services is $2,790,703.52.

7. FTI Consulting, Inc. has accounted for its time by designating fifteen (15) separate categories, standard for a case of this size and nature, to which time was billed as follows:

       1 – Asset Protection Plan
       2 – Bankruptcy Reporting
       3 – Business Analysis
       4 – Byrd Bill
       5 – Byrd Bill Application
       6 – Committee Matters
       7 – Coordination with Working Group
       8 – DIP Financing / Cash Collateral
       9 – Disclosure Statement
       10 – General Case Administration
       11 – Liquidation Analysis
       12 – Professional Compensation Matters
       13 – Trade Negotiations
       14 – Travel Time
       15 - Valuation

8. A narrative statement of the services rendered in each category and a summary of the time and charges of each professional who rendered services during the Final Period and the grand total of all time and charges for services rendered in each category is as follows:

    1    <u>Asset Protection Plan.</u> Time spent in this category encompasses all tasks associated with performing benchmarking, modeling, and other procedures related to the asset protection plan regarding Weirton Steel Corporation. The total hours expended in this category are 97.7 and the total amount of compensation sought in this category is $49,423.50.

    2    <u>Bankruptcy Reporting</u>. A requirement of the Court and United States Trustee in any Chapter 11 case is the compilation of the Debtor's Statement of Financial Affairs ("SOFA") and Schedule of Assets and Liabilities ("SOAL"), as well as the

submission of Monthly Operating Reports ("MORs") to the Office of the United States Trustee. FTI was charged with the task of supporting Counsel's efforts to complete and file these reports and schedules. FTI assisted the Debtor in the preparation of the SOFA and SOAL by identifying the internal reports that the Debtor could utilize in preparing the reports. FTI also served as a key resource in answering specific questions regarding the preparation of the various reports. By performing these tasks, FTI allowed the Debtor's financial staff to focus on their day to day duties as a Debtor-in-Possession. FTI will continue to provide assistance with regard to the preparation and filing of mandatory bankruptcy reporting requirements. The total hours expended in this category are 267.0 and the total amount of compensation sought in this category is $101,719.00.

3. Business Analysis. This category covers time related to the analysis of the Debtor's business operations and performance. This includes, but is not limited to, analyzing the Debtor's financial forecasts, advising on the management of key customer receipts and vendor disbursements and facilitating the completion of the weekly Key Performance Indicator Report. During this Final Fee Period, FTI was regularly asked to participate in management meetings during which potential alternative production scenarios were discussed and evaluated for both profitability and feasibility. The total hours expended in this category are 2,564.8 and the total amount of compensation sought in this category is $1,103,403.00.

4. Byrd Bill. During the Final Fee Period, FTI spent significant time assisting the Debtor with its Emergency Steel Loan Guarantee Application (the "Byrd Bill Application"). FTI's involvement in this process included, but was not limited to: the development of an integrated financial model to be included with the Debtor's application for funding; sensitizing the forecasts of shipments and pricing; investigating and analyzing potential SG&A and Mill Overhead cost savings; and facilitating the review of the financial forecasts with the DIP lenders and their advisors. The time spent by FTI in this category was critical to the completion, review and submission of the Byrd Bill Application under the Debtor's tight time constraints. The total hours expended in this category are 47.9 and the total amount of compensation sought in this category is $11,458.00.

5. Byrd Bill Application. During the Final Fee Period, FTI spent significant time assisting the Debtor with its Emergency Steel Loan Guarantee Application (the "Byrd Bill Application"). FTI's involvement in this process included, but was not limited to: the development of an integrated financial model to be included with the Debtor's application for funding; sensitizing the forecasts of shipments and pricing; investigating and analyzing potential SG&A and Mill Overhead cost savings; and facilitating the review of the financial forecasts with the DIP lenders and their advisors. The time spent by FTI in this category was critical to the completion, review and submission of the Byrd Bill Application under the Debtor's tight time constraints. The total hours expended in this category are 264.0 and the total amount of compensation sought in this category is $120,930.50.

6. Committee Matters. The category of Committee Matters encompasses all verbal and written communication between the Applicant and the members of the Official Committee of Unsecured Creditors (the "Committee") and its representatives. In this capacity, the Applicant assisted the Debtor in effectively communicating with the Committee. The Debtor and the Committee and its professionals relied primarily on

teleconferences in order to communicate in a cost-effective manner. Throughout the Final Fee Period, the Debtor, with the assistance of the Applicant, communicated to representatives of the Committee any significant events as well as matters regarding the administration of the case. FTI spent time preparing for and participating in meetings and teleconference calls with the Committee's counsel and its financial advisors to discuss various case matters. These matters included, but were not limited to: the Debtor-in-Possession ('DIP") financing; trade credit; general case administration; data requests; and overall project operations. At these general meetings and teleconference calls, FTI frequently reviewed with the Committee and/or its advisors analyses of financial and operational issues, as well as certain information required to analyze and/or support various motions filed by the Debtor. The total hours expended in this category are 148.8 and the total amount of compensation sought in this category is $61,049.00.

7. Coordination with Working Group. During the normal course of the case, FTI was asked to participate in meetings and teleconferences with a Working Group consisting of senior members of the Debtor's management along with its Counsel and other advisors. At these meetings, FTI was asked to provide oral and written analyses on a variety of matters. Such analyses included, but were not limited to, contract performance, pre- and post-petition claims, cash flow forecasting and the adequacy of available DIP financing. The total hours expended in this category are 236.4 and the total amount of compensation sought in this category is $118,375.00.

8. DIP Financing / Cash Collateral. During the Final Fee Period, the Applicant continued to assist the Debtor's staff with the compilation and review of its weekly "Flash Reports". These reports, as required by the DIP lender group, contrasted actual operating results with the projections that had been provided to various parties-in-interest. The total hours expended in this category are 97.3 and the total amount of compensation sought in this category is $37,912.00.

9. Disclosure Statement. This category covers time related to the preparation of information and analysis necessary for the compilation of the disclosure statement. The Applicant helped the Debtor identify various schedules and charts for inclusion in the disclosure statement. Also, during this Final Fee Period, FTI was regularly asked to review the disclosure statement and evaluate its content. The total hours expended in this category are 60.2 and the total amount of compensation sought in this category is $26,173.00.

10. General Case Administration. A number of tasks comprise the category of General Case Administration. As Financial Advisors to the Debtor, FTI was called upon to provide routine consulting services related to general business administration and essential to the conduct of business. FTI assisted the Debtor's management team in responding to questions regarding financial and accounting issues that arose due to the Chapter 11 filing. These questions were typically received from the accounting and financial staff and primarily involved classification of pre- and post-petition invoices, follow-up on disputes with vendors, resolution of hostage situations and various other issues. Additionally, FTI participated in internal meetings with the Debtor's financial and accounting staff regarding post-petition accounting procedures and the monitoring of bankruptcy-related accounting requirements. The total hours expended in this category are 74.9 and the total amount of compensation sought in this category is $26,695.50.

11 <u>Liquidation Analysis</u>.  This category covers time related to the analysis of the potential liquidation of the Debtor's business and assets.  This includes, but is not limited to, analyzing the expected recovery from the liquidation of the Debtors accounts receivable, inventory, fixed assets and other assets.  Also included is an assessment of the potential costs incurred during the wind-down period through the ultimate completion of the liquidation.  During this Final Fee Period, FTI was regularly asked to participate in management meetings on the subject.  FTI was also asked to prepare its own estimate of liquidation value of the Debtor pursuant to the litigation commenced by the Indenture Trustee (and others) of Weirton's Senior Notes and FTI provided expert testimony on the subject.  FTI was also asked to prepare its own estimate of enterprise value of the Debtor pursuant to the litigation commenced by the Indenture Trustee (and others) of Weirton's Senior Notes and FTI provided expert testimony on the subject.  The total hours expended in this category are 339.4 and the total amount of compensation sought in this category is $131,850.50.

12 <u>Professional Compensation Matters</u>.  Time spent in this category primarily relates to preparing the Applicant's fee applications in accordance with the requirements established by the United States Bankruptcy Code, the Bankruptcy Court, the United States Trustee and the Local Rules. This category includes billing for the time spent preparing the statements for fee applications in accordance with the requirements of this Court, as well as for preparing the narrative included in the fee applications. The date set for periodic submission of our monthly Fee Application may perpetuate the need for retroactive billing. Therefore, FTI reserves the right to seek additional compensation related to services rendered during, and subsequent to, this application period in subsequent fee applications. The total hours expended in this category are 140.0 and the total amount of compensation sought in this category is $44,895.50.

13 <u>Trade Negotiations</u>.  Time spent in this category encompasses all tasks associated with ensuring that the Debtor's production operations continued without delay or interruption and to minimize any shrinkage of trade credit, thus contributing to the maximization of liquidity. To this end, FTI met with the Debtor's management and procurement staff, and participated on numerous teleconference calls with vendors, to assist in and facilitate terms and payment negotiations to ensure that the Debtor transitioned into these Chapter 11 proceedings without production delays or interruptions. The total hours expended in this category are 75.1 and the total amount of compensation sought in this category is $36,693.50.

14 <u>Travel Time</u>.  This category includes the time required for the Applicant's professionals to travel from their home offices to various locations as required by the demands of this case. The compensation requested in this Application related to travel time, 274.4 hours, represents only one half of the Applicant's total actual incurred travel time. The total actual time incurred for travel during the Final Fee Period was 548.8 hours. The total hours expended in this category are 274.4 and the total amount of compensation sought in this category is $109,372.00.

15 <u>Valuation</u>.  Time spent in this category encompasses all tasks associated with performing benchmarking, modeling, and other procedures related to the estimation of the reorganization value of Weirton Steel Corporation under the Emergency Steel Loan Guaranty Board scenario, in addition to time spent in and preparation for

5

Case 5:03-bk-01802    Doc 2997    Filed 11/10/04    Entered 11/10/04 16:06:54    Desc
Main Document    Page 7 of 10

discussions with the advisors to the noteholders and bondholders. The total hours expended in this category are 480.8 and the total amount of compensation sought in this category is $226,086.50.

Weirton sold its primary operating assets on May 17, 2004 and is in the process of liquidating its remaining assets and liabilities. Weirton is still functioning as a Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Where appropriate, FTI has included its fees and expenses in the various relevant categories.

9. A list of the individual professionals who have rendered services during the Final Period and their respective titles and hourly rates is set forth in Exhibit B.

10. A summary of expenses incurred during the Final Period is set forth in Exhibit C.

11. A summary of the quarterly and cumulative amount of time billed to each of these categories is set forth in Exhibit D.

12. FTI was also awarded a value-added fee of $500,000 (the "FTI Fee") for its work on this matter. This fee was approved by this Court on August 24, 2004. A copy of the Order is attached as Exhibit E.

13. The fees and expenses requested by FTI Consulting, Inc. are based on the firm's usual and customary hourly rates and expenses charged for work performed for clients on bankruptcy-related matters. As set forth in the attached Affidavit of Michael J. Selwood, FTI Consulting, Inc. has not represented or held an interest adverse to the estate, and is a disinterested person within the meaning established by § 327(a) of the Bankruptcy Code. Additionally, no division of fees prohibited by § 504 of the Bankruptcy Code and no agreement prohibited by 18 U.S.C. § 155 has been or will be made by FTI Consulting, Inc. or any of its employees.

WHEREFORE, FTI Consulting, Inc. respectfully requests that this Honorable Court enter an Order substantially in the form attached hereto, granting final approval of compensation in the amount of $2,290,703.52 in fees and reimbursement of expenses in the amount of $81,667.02 for services rendered during the period from May 19, 2003 through June 30, 2004 and the FTI fee in the amount of $500,000.00.

Dated: October 30, 2004

Respectfully submitted,

FTI Consulting, Inc.

By: _____
Michael J. Selwood
Managing Director
FTI Consulting, Inc.
625 Liberty Avenue, Suite 2800
Pittsburgh, PA 15222

# AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA )
) SS:
COUNTY OF ALLEGHENY )

Michael J. Selwood, being first duly sworn on oath, deposes and says that he is a Managing Director of FTI Consulting, Inc., financial advisor to Weirton Steel Corporation.

That FTI Consulting, Inc. is a disinterested person and does not represent or hold an interest adverse to the interests of the Estates on the matters for which it was employed, in accordance with Section 327(a) of the Bankruptcy Code;

That no prohibited agreement or understanding exists between FTI Consulting, Inc. or any of its employees and any other person or persons for a division of compensation in this proceeding;

That no division of fees prohibited by §504 of the Bankruptcy Code has been or will be made;

That no agreement prohibited by 18 U.S.C. §155 has been or will be made by FTI Consulting, Inc. or any of its employees;

That no other prohibited division of compensation has been or will be made by FTI Consulting, Inc. or any of its employees;

That, in addition, the foregoing Application is submitted in accordance with the provisions of Rule 2016 of the Federal Rules of Bankruptcy Procedure and the Rules of this Court.

Michael J. Selwood

Sworn to and subscribed
before me this 9th day
of November 2004.

Notary Public

Notarial Seal
Sandra L. Castriota, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Dec. 19, 2005

Member, Pennsylvania Association Of Notaries