IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 5:03-BK-01802 |
| WEIRTON STEEL CORPORATION, | : | Chapter 11 |
| Debtor. | : | Honorable L. Edward Friend, II |
| | : | United States Bankruptcy Judge |

**MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE
OF DISPUTE WITH CONTINENTAL CASUALTY COMPANY**

The Weirton Steel Corporation Liquidating Trust (the "WSCLT"), by and through its undersigned counsel, files this Motion (the "Motion") for Approval of Settlement and Compromise of Dispute with Continental Casualty Company ("Continental"). In support of this Motion, the WSCLT respectfully states:

**BACKGROUND**

1. On May 19, 2003 ("Petition Date"), Weirton Steel Corporation ("Weirton" or the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code" or the "Code") in the United States Bankruptcy Court for the Northern District of West Virginia (the "Bankruptcy Court" or "Court") at Case No. 5:03-BK-1802.

2. On February 26, 2004, the Debtor filed a Motion (the "Sale Motion") for An Order Pursuant to Sections 105, 363, 365 and 1146 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014: (I) Scheduling Hearing to Approve Amended and Restated Asset Purchase Agreement dated February 25, 2004 with ISG Weirton Inc. and International Steel Group Inc. Subject to Higher or Better Offers; (II) Approving Bidding Procedures for Submission and Acceptance of Any Competing Bids and Related Bid Protections (Including Break-up Fee and Expense Reimbursement); (III) Approving the Form and Manner of Sale Notice; (IV) Approving and Authorizing (A) the Sale of Substantially All Assets, Free and Clear of Liens, Claims, Encumbrances

and Other Interests, and (B) the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases.

3. Pursuant to the Sale Motion, the Debtor conducted an auction (the "Auction") on April 12 and 13, 2004. On April 15, 2004, the Debtor determined that the bid submitted at the Auction by ISG Weirton Inc. (the "Buyer"), a wholly owned affiliate of International Steel Group Inc., was the highest and best bid for the substantially all of the Debtor's assets.

4. On April 22, 2004, this Court entered an Order (the "Sale Order"), which, *inter alia*, approved the sale (the "ISG Sale") of substantially all of the Debtor's assets to the Buyer.

5. The ISG Sale closed effective May 17, 2004 (the "Closing"), after which time Weirton no longer conducted business operations. Since the Closing, the Buyer has been operating Weirton's assets as a going concern.

6. On July 9, 2004, the Debtor filed its First Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code (the "Plan") and an accompanying disclosure statement (the "Disclosure Statement"). Generally, the Plan provides for the distribution of all estate assets, including but not limited to the proceeds from the ISG Sale, to all creditors of the estate holding allowed claims, and, the dissolution of the Debtor upon the effective date of the Plan. To effectuate its terms post-confirmation, the Plan provides for the establishment of the WSCLT as of the effective date of the Plan and vests the WSCLT Trustee with all the rights and obligations of the Debtor.

7. The Court approved the Disclosure Statement on July 12, 2004 and scheduled a hearing to consider confirmation of the Plan for August 24, 2004.

8. On August 23, 2004, the Debtor filed its Second Amendment to the Plan, which included limited modifications, and, on August 24, 2004, the Bankruptcy Court confirmed the Debtor's Plan (the "Confirmed Plan").

9. The effective date for the Confirmed Plan was September 9, 2004 (the "Effective Date").

**RELIEF REQUESTED**

10. By this Motion, the WSCLT seeks approval, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, of the rights between the WSCLT and Continental regarding reimbursement of certain legal fees and costs incurred by the WSCLT in connection with litigation of certain claims against it as successor to Weirton under the Confirmed Plan.

11. The Debtor and subsequently the WSCLT incurred legal fees and costs ("Defense Costs") in connection with the defense the Bennett Action and the Jacobs Action as described more fully in the Final Settlement Agreement and Mutual Release (the "Settlement Agreement") between the WSCLT and Continental attached hereto as Exhibit A.[1]

12. Pursuant to the Settlement Agreement, Continental has agreed to pay to the WSCLT an aggregate amount of $97,181.49 on account of Defense Costs incurred by Weirton and WSCLT. Pursuant to the Settlement Agreement, Continental and the WSCLT shall also grant each other mutual releases relating to the two actions that gave rise to the Defense Costs as set forth in the Settlement Agreement.

13. More specifically, pursuant to the terms of two Specific Excess Workers Compensation policies issued by Continental to Weirton, Continental has agreed to reimburse the WSCLT for Continental's share of Defense Costs expended by the WSCLT in the defense of the Jacobs Action and the Bennett Action. The Settlement Agreement that is the subject of this Motion memorializes that agreement and further provides that the WSCLT shall not seek any further reimbursement from Continental for legal fees incurred in either of these actions. The WSCLT does not expect to incur any additional legal fees in either Jacobs Action or Bennett Action. The Jacobs Action has been dismissed. The Bennett Action is ongoing, but by operation of the West Virginia Workers Compensation statute, the terms of the Continental insurance policies at issue, and the

---

[1] Undefined capitalized terms used herein shall have the meaning given to such terms in the Settlement Agreement.

prior orders of this Bankruptcy Court, the WSCLT has no potential liability to the plaintiff in the Bennett action.

### Basis for Relief

14. Bankruptcy Code section 105(a) provides that "the court may issue any order . . . that is . . . appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See In re Bond, 1994 U.S. App. Lexis 1282, *9-*13 (4th Cir. 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'"); Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000); Fishell v. Soltow (In re Fishell), No. 94-1109, 1995 WL 66622, at *2 (6th Cir. Feb. 16, 1995); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)).

16. Various courts have endorsed the use of Bankruptcy Rule 9019. See, e.g., Bartel v. Bar Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996); In re Foundation for New Era Philanthropy, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996); In re Miller, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); In re Check Reporting Service, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992); In re Patel, 43 B.R. 500, 504 (N.D. Ill. 1982).

17. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

    a) the probability of success in litigation;

    b) the difficulty in collecting any judgment that may be obtained;

    c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attendant to it; and

    d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245 (1968); United States ex rel. Rahman v. Oncology Assocs., P.C., 269 B.R. 139, 152 (D. Md. 2001); In re Frye, 216 B.R. 166, 174 (E.D. Va. 1997) (Alexandria Division); In re Patel, 43 B.R. at 504-05; Fishell, 1995 WL 66622, at *3; In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd., 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); In re Neshaminy Office Bldg. Assoc's., 62 B.R. 798, 803 (E.D. Pa. 1986).

18.  The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. See TMT Trailer Ferry, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Telesphere Communications, Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994). In making its determination, a court should not substitute its own judgment for that of the debtor. Neshaminy Office, 62 B.R. at 803.

WHEREFORE, the Weirton Steel Corporation Liquidating Trust respectfully requests that this Honorable Court enter an order in the form attached hereto authorizing the Liquidating Trustee to enter into and be bound by the Settlement Agreement in exchange for Continental's performance of its obligations under the Settlement Agreement.

Dated: February 17, 2006

**McGUIREWOODS LLP**

By: /s/ James H. Joseph
Mark E. Freedlander (Pa. ID No. 70593)
James H. Joseph (Pa. ID No. 82087)
Dominion Tower, 23rd Floor
625 Liberty Avenue
Pittsburgh, PA 15222
Telephone: (412) 667-6000
Facsimile: (412) 667-6050

Counsel to Weirton Steel Corporation Liquidating Trust

5

Case 5:03-bk-01802    Doc 3344    Filed 02/17/06    Entered 02/17/06 16:51:52    Desc Main Document    Page 5 of 5